IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY CAMPBELL,

        Plaintiff,

v.

CIGNA GROUP INSURANCE and LIFE
INSURANCE COMPANY OF NORTH
AMERICA,

        Defendants.

2:12-cv-00443
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION RE: DEFENDANTS' MOTIONS TO DISMISS (DOC. NO. 11)

### I. Introduction

Presently before the Court are Defendants CIGNA Group Insurance and Life Insurance Company of North America's ("Defendants") Motions to Dismiss Plaintiff Mary Campbell's ("Plaintiff") Amended Complaint. Doc. No. 11. The parties' dispute centers on the denial of a request for benefits pursuant to a life insurance policy ("the Policy") that Plaintiff held with Defendants. Based on the federal questions involved in this Court's Original Jurisdiction, Plaintiff's Complaint was removed from the Court of Common Pleas of Fayette County and placed in this Court on April 5, 2012, pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C.A. §1001. Doc. No. 1. Plaintiff subsequently filed an Amended Complaint on May 24, 2012. Doc. No. 7.

Plaintiff's Amended Complaint alleges that Defendants failed to comply with the original terms of the Policy that Plaintiff held through her employer, Jefferson Regional Medical Center, when Defendants denied her request for benefits due to her insured husband's age. Doc. No. 7, ¶¶ 15-22. Plaintiff alleges further that she relied to her detriment on Defendants' collection of

premiums while Defendants had no intention of paying out the policy amount. Id., ¶¶ 23-27. After careful consideration of the Motion to Dismiss (Doc. No. 11) and Brief in Support (Doc. No. 12) and Plaintiff's response thereto (Doc. No. 17), and for the reasons that follow, Defendants' Motion to Dismiss (Doc. No. 11) will be **GRANTED IN PART, and DENIED IN PART.**

## II. Factual Background

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Amended Complaint as true and draws all reasonable inferences in favor of Plaintiff. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiff's factual allegations to be true for the purposes of this Memorandum Opinion, the facts of this case are as follows:[1]

Plaintiff, Mary Campbell, purchased life insurance through her employer, Jefferson Regional Medical Center, with Defendant CIGNA Group Insurance, insuring the life of her husband, Ralph Campbell. Doc. No. 7, ¶¶ 5-7. Defendant Life Insurance Company of North America was the underwriter of the policy, which became effective on January 1, 2008. Id., ¶¶ 7-8. Approximately three years later, Plaintiff's husband passed away on February 24, 2011, at the age of 73. Id., ¶ 9. After her husband's death, Plaintiff requested payment of the $10,000 insurance amount pursuant to her policy with Defendants. Id. ¶ 10. However, Defendants denied Plaintiff's request, and informed her that the benefits under the terms of the policy terminated when her spouse-beneficiary reached the age of 70. Id., ¶¶ 11-13.

Defendants never informed Plaintiff that the benefits under the policy terminated when her husband reached 70 years of age. Id., ¶ 13. Furthermore, Defendants continued to collect

---
[1] On May 24, 2012, Plaintiff filed an Amended Complaint Doc. No. 7.

premium payments from Plaintiff for three years after her husband reached the age of 70, leading Plaintiff to believe that the policy was valid. Id., ¶ 25. Defendants did so "knowing that they would not pay out the policy." Id., ¶¶ 23-24. Plaintiff relied on Defendants' collection of premiums for those three years, assuming that she would receive the $10,000 life insurance payout pursuant to the policy. Thus, Defendants' refusal to pay Plaintiff was a failure to comply with the original terms of the insurance agreement. Id., ¶ 21.

## III. Standard of Review

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to challenge a Court's exercise of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)). To meet its burden, Plaintiff must establish "[a] nexus between the defendant, the forum and the litigation." *Deutz AG*, 270 F.3d at 150.

"[I]n reviewing a motion to dismiss under Rule 12(b)(2) [the court] 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). Plaintiff need only to establish a *prima facie* case for personal jurisdiction over the defendant to overcome a 12(b)(2) motion. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.2004). A resolution of a factual issues may be required to establish personal jurisdiction under a 12(b)(2) motion and thus a party may introduce extrinsic evidence beyond the pleadings to do so. *See Time Share Vacation Club v.*

*Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

**B. Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims

4

are sufficient to show a "plausible claim for relief." *Fowler*, 578 at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**IV. Discussion**

In her Amended Complaint, Plaintiff alleges a Breach of Contract Claim against Defendants for failure to comply with the original terms of an insurance agreement. Doc. No. 7, ¶¶ 15-27. Defendant has moved to dismiss Plaintiff's entire complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

> ### ***A. Plaintiff Has Not Established a Prima Facie Case for Personal Jurisdiction Over Defendant CIGNA Group Insurance.***

In their Fed. R. Civ. P. 12(b)(2) Motion to Dismiss, Defendants move to dismiss the Plaintiff's claim against Defendant CIGNA Group Insurance for failure to establish that CIGNA Group Insurance is a legal entity capable of being sued. Doc. No. 11. According to Defendants' Brief in Support (Doc. No. 12), CIGNA Group Insurance is a service mark only, and neither

5

issued nor administered the life insurance policy which forms the basis of the Plaintiff's civil action.

As a result of Defendants' challenge to personal jurisdiction, Plaintiff bears the burden of establishing that CIGNA Group Insurance is a legal entity capable of being sued in this Court. *See D'Jamoos ex rel. Estate of Weingeroff*, 566 F.3d at 10. Presently, Plaintiff has failed to meet her burden on this issue, relying merely on bare pleadings to establish *in personam* jurisdiction over CIGNA Group Insurance. *Patterson by Patterson*, 893 F.2d at 604.

Plaintiff concedes in her Brief in Response (Doc. No. 17) that CIGNA Group Insurance is not a distinct legal entity and "has no problem dismissing her Amended Complaint against CIGNA Group Insurance for lack of personal jurisdiction." Id. at 6. Therefore, Defendants' 12(b)(2) Motion to Dismiss will be **GRANTED with prejudice**, and Defendant CIGNA Group Insurance Removed from the action.

### B. *Plaintiff Has Pled Sufficient Facts For a Claim Under ERISA*

In its Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, Defendant moves to dismiss Plaintiff's Breach of Contract Claim for failure to state a claim upon which relief can be granted under §1132(a)(1)(B) of ERISA. Plaintiff's Amended Complaint alleges that Defendant refused to comply with the original terms of the life insurance agreement in denying her claim, that Defendant collected premiums for a period of three years knowing that they would not pay the policy amount, and as result of the premium collection, she relied to her detriment on Defendant's representations. Doc. No. 7, ¶¶ 21, 23, 25. Plaintiff now seeks to recover the $10,000 purportedly due to her under the Policy. Id.

After review of Plaintiff's Amended Complaint and Defendant's Motion to Dismiss, both parties apparently agree that the Policy terms are the basis for resolution of Plaintiff's civil action

6

under ERISA. According to ERISA § 502(a)(1)(B): "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B). "If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, (2004). Furthermore, § 1132(a)(3)(B) allows a participant beneficiary to "obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

The Court agrees with Defendant that when evaluating a Rule 12(b)(6) Motion to Dismiss where a Plaintiff's claims are based on the terms of a document, "a district court may examine an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss." *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993); *See also In re Rockefeller Ctr. Properties, Inc. Securitites Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (explaining that "the primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff-is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint.'") (quoting *PBGC*, 998 F.2d at 1196). However, Plaintiff, in her Amended Complaint, alleges potential ERISA violations beyond the plain terms of the Policy, claiming: (1) that Defendant failed to adequately inform her of the beneficiary age limitation; (2) that Defendant did so knowingly and continued to collect Plaintiff's premium payments; and (3) that she detrimentally relied on Defendant's collection of payments as a representation that she had a valid policy. Doc. No. 7, ¶¶ 20, 23, 25.

Under Section 404 of ERISA "[a] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . . for the exclusive purpose of (i) providing benefits to participants and their beneficiaries." 29 U.S.C.A. § 1104. Although Defendant is correct that plan participants have a duty to inform themselves of the details in their plans, "[p]ursuant to this provision, we have determined that a 'fiduciary may not, in the performance of [its] duties, 'materially mislead those to whom the duties of loyalty and prudence are owed.'" *Shook v. Avaya Inc.*, 625 F.3d 69, 73 (3d Cir. 2010) (citing *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 228 (3d Cir. 2009)). In this context, a plan administrator can potentially breach its fiduciary duty by failing "to adequately inform plan participants and beneficiaries" as Plaintiff alleges in her Amended Complaint. Id.

The Court does not agree that the United States Court of Appeals for the Third Circuit's decision in *Bicknell* supports Defendant's Motion to Dismiss under Rule 12(b)(6). *Bicknell v. Lockheed Martin Group Benefits Plan*, 410 F. App'x 570 (3d Cir. 2011). *Bicknell*, unlike the matter before this Court, dealt with a grant of Summary Judgment in favor of a Defendant employer. Id. Therefore, under the less stringent standard for Plaintiff answering a 12(b)(6) Motion to Dismiss, Plaintiff has met her burden by pleading facts which are "sufficient to show a plausible claim for relief." *Fowler*, 578 F.3d at 210

Plaintiff has thus pled sufficient facts in her Amended Complaint to make a plausible showing for recovery of the $10,000 life insurance amount and Defendant's 12(b)(6) Motion to Dismiss will be **DENIED.**

## V. Conclusion

In sum, Plaintiff has pled sufficient facts for a cause of action under ERISA.

Accordingly, Defendant's 12(b)(6) Motion to Dismiss (Doc. No. 11) will be **DENIED**.

An appropriate Order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties.